People v Sanford (2022 NY Slip Op 06446)

People v Sanford

2022 NY Slip Op 06446

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 

Ind. No. 3525/16 Appeal No. 13803 Case No. 2019-4528 

[*1]The People of the State of New York, Respondent,
v
Tidelle Sanford, Defendant-Appellant.

Janet E. Sabel, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), and Davis Polk & Wardwell LLP, New York (Isaac M. Gelbfish of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered April 12, 2018, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously reversed, on the law, and a new trial ordered.
Defendant was jointly tried with Hasahn Murray and two other codefendants. After summation, but before the jury began deliberations, the trial court excused the alternate jurors. During the following lunch break, the court was informed that one of the jurors had discussed the case at a social gathering over the prior weekend, where the juror had made comments arguably demonstrating a premature determination of the defendants' guilt. The court called the two alternates and asked them to return to court the following morning. Defendant requested a mistrial. The court denied the request, discharged the juror, and seated one of the alternates.
We held this appeal pending consideration by the Court of Appeals of Murray's appeal. The Court of Appeals found that the discharged alternates were not "available for service" under CPL 270.35(1) and, therefore, the court had no alternative to declaring a mistrial (People v Murray, —NY3d —, 2022 NY Slip Op 05916 [2022]). Accordingly, we reverse the judgment and order a new trial (see Murray,2022 NY Slip Op 05916, *2).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's remaining arguments are academic in light of our order that a new trial be held.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022